IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Rodagus Marilento Thomas, #12921-021, ) | C/A No.: 9:10-0028-DCN-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Esther Slater, Discipline Hearing Officer; ) | **REPORT AND RECOMMENDATION** |
| Ray Holt, Southeast Regional Director; ) | |
| and Harrell Watts, National Inmate ) | |
| Appeals Coordinator, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56,

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



Fed.R.Civ.P. on April 5, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 12, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition on April 16, 2010, along with a "supplement" to his response April 22, 2010. The Defendants filed a reply memorandum on April 26, 2010, to which Plaintiff filed a sur reply on May 6, 2010.

The Defendants' motion is now before the Court for disposition.[2]

### **Background**

Plaintiff alleges in his verified complaint[3] that he is incarcerated at the BOP facility in Edgefield, South Carolina (FCI Edgefield), serving a ten and a half year sentence for access device fraud and aggravated identity theft. Plaintiff alleges that he was sanctioned by the Defendant Slater (a disciplinary hearing officer) for ten telephone infractions, receiving a penalty of, inter alia, thirty-eight years loss of visitation. Plaintiff alleges that pursuant to a previous action filed in this Court, Thomas v. Drew, Civil Action No. 9:08-3111, in which Plaintiff challenged the length of this visitation ban, an Order was entered finding that the visitation ban imposed on him was a violation

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



of his rights under the Eighth Amendment and directing the BOP to resentence Plaintiff with regard to this sanction. See Thomas v. Drew, Civil Action No. 9:08-3111 (Court Docket Nos. 23, 28). Plaintiff alleges that he was thereafter resanctioned to an eight and one half year (99 months) visitation ban. Plaintiff asserts that this visitation restriction continues to violate his rights under the Eighth Amendment, because it exceeds his projected release date. Plaintiff seeks injunctive relief from this Court in the form of an order "immediately remove[ing] the visitation ban entirely . . . .". Plaintiff also notes that he has also appealed the "mocking" of the District Court's Order in Civil Action No. 9:08-3111, which appeal is currently pending in the Fourth Circuit Court of Appeals. See generally, Plaintiff's Verified Complaint.

**Discussion**

Defendants argue in their motion for summary judgment, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a), federal prisoners are required to exhaust their administrative remedies prior to filing civil lawsuits. See Booth v. Churner, 532 U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; see also Porter v. Nussle, 534 U.S. 516, 524 (2002)[exhaustion required for all actions brought with respect to prison conditions]. Hence, before Plaintiff could bring this lawsuit, he was required to first exhaust available prison remedies.

The BOP has a detailed grievance process which allows prison inmates to pursue administrative remedies for their grievances. See 28 C.F.R. § 542.10, et. seq. With respect to disciplinary hearing appeals, inmates are required to initially appeal to the Regional Director for the



region where the inmate is currently located, and if dissatisfied with the regional response, the inmate may appeal to the General Counsel. 28 C.F.R. § 542.14(d)(2). Appeal to the General Counsel is the final level of agency review. See 28 C.F.R. § 542.15(a). See Defendants' Brief, p. 11; see also 28 C.F.R. § 542.10, et. seq.[4] The Defendants have the burden of showing that Plaintiff failed to exhaust these administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, supra. To meet this burden, the Defendants have submitted evidence to show that when Plaintiff filed an appeal with the Regional Director on or about September 8, 2009, contesting the revision of his visitation privilege sanction, his appeal was rejected because Plaintiff had not provided a copy of the original DHO report with his appeal. Plaintiff was informed that he could resubmit his appeal in proper form within ten days, but he never did so. See Lathrop Affidavit (Defendants' Exhibit 7). Indeed, in his affidavit filed as a "supplement" to his memorandum in opposition, Plaintiff concedes that on October 13, 2009 he received a letter from the Defendant Slater advising him that all he had to do was submit a copy of his resanction letter with his appeal together with a copy of Slater's October 13, 2009 letter, which would have explained why there was not DHO report attached to the appeal, but that he did not do. See Plaintiff's Affidavit, at ¶¶ VII, VIII, with attached exhibits [including

---

[4] This Court can take judicial notice of the BOP grievance process. See Portis v. Caruso, No. 09-846, 2010 WL 3609364 at **4-5 (W.D.Mich. July 28, 2010)["Taking judicial notice of a prisoner's administrative grievance proceeding is consistent with the purpose of PLRA's invigorated exhaustion provision . . . ."] (internal quotations omitted); Blevins v. Loranth, No. 09-788, 2010 WL 670099 (D.S.C. Feb. 22, 2010); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); cf. Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

- 4 -



letters of September 2, 2009 and October 13, 2009].

Lathrop's affidavit, wherein he attests that Plaintiff has failed to exhaust his administrative remedies with respect to this claim, as well as Plaintiff's own affidavit and exhibits serve to confirm that Plaintiff did not properly pursue and complete his administrative remedies prior to filing this lawsuit on January 6, 2010. Further, a review of the docket in Plaintiff's previous lawsuit, Civil Action No. 9:08-3111, shows that on March 24, 2010 (after this lawsuit had been filed) the Honorable David C. Norton, Chief United States District Judge, issued an Order dealing with this exact same issue and in which Judge Norton found that Plaintiff had failed to exhaust his administrative remedies with respect to this claim. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

While Plaintiff makes several arguments in his filings as to why he did not exhaust his administrative remedies earlier and should therefore be allowed to proceed, his own acknowledgment in his affidavit and accompanying exhibits that he failed to follow the procedure for filing his regional appeal as instructed is fatal to his claim. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]; McCloud v. Woodford, No. 06-4845, 2008 WL 4602548 (C.D.Cal. Oct. 14, 2008)[Plaintiff did not exhaust



administrative remedies when he failed to correct deficiencies in his appeal after being informed of the necessity to do so.].

Finally, Plaintiff has himself now also submitted a copy of a letter dated October 4, 2010 (Court Docket No. 29), wherein Plaintiff complains about not having received confirmation of an administrative remedy filing from "approximately 2 months ago". Hence, Plaintiff's own exhibit reflects that he may have now filed an administrative remedy with respect to this claim sometime in August 2010, some eight months *after* the filing of this lawsuit. Not only may Plaintiff not file a lawsuit prior to exhausting his administrative remedies, he may not exhaust (or attempt to exhaust) his administrative remedies during the pendency of a lawsuit. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.].

Therefore, this case must be dismissed. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 3, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).
